50 F.3d 21
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Barbara S. MINNICH, Petitioner,
v.
MERIT SYSTEMS PROTECTION BOARD, Respondent.
 No. 94-3587.
 United States Court of Appeals, Federal Circuit.
 March 21, 1995.
 
 Before MAYER, Circuit Judge, BENNETT, Senior Circuit Judge, and PLAGER, Circuit Judge.
 PER CURIAM.
 
 
 1
 Barbara S. Minnich seeks review of the decision of the Merit Systems Protection Board, No. DC-3443-93-0700-I-1, which became final on July 12, 1994, dismissing her appeal for lack of jurisdiction. We affirm.
 
 
 2
 Acting pro se, Minnich filed this appeal with the board in conjunction with her efforts to secure a disability pension, currently the subject of another appeal pending before this court, Minnich v. Office of Personnel Management, No. 94-3544. In the case before us today, Minnich seeks review of various acts of the Central Intelligence Agency (CIA or the agency), her employer, which she alleges resulted in the denial of her claim for retirement benefits by the Office of Personnel Management (OPM). She maintains that the agency improperly interfered with her right to have her claim considered by OPM by providing false information in relation to her claim and by failing to provide her with certain documentation relating to her employment and her disability claim. She also alleges that the agency engaged in prohibited personnel practices in violation of the Whistleblower Protection Act of 1989, 5 U.S.C. Sec. 2302(b)(8) (Supp. V 1993).
 
 
 3
 We review the board's decision within strictly defined statutory limits. 5 U.S.C. Sec. 7703(c) (1988); see Hayes v. Dep't of the Navy, 727 F.2d 1535, 1537 (Fed.Cir.1984). We must affirm the decision unless we determine it was (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. Sec. 7703(c).
 
 
 4
 The board has jurisdiction to hear appeals from any action that is specifically appealable to the board under any law, rule, or regulation. 5 U.S.C. Sec. 7701(a) (1988). We read Minnich's appeal to suggest two distinct grounds for jurisdiction: first, based on the agency's failure to comply with its obligations under the Freedom of Information Act and the Privacy Act to provide her with her personnel records, 5 U.S.C. Secs. 552, 552a (1988 & Supp. V 1993); and second, based on the Whistleblower Protection Act challenge to alleged prohibited personnel practices.
 
 
 5
 As to the first, the government is correct that the board simply has no jurisdiction over claims brought under either the Freedom of Information Act or the Privacy Act. See 5 U.S.C. Sec. 552(a)(4)(B) (FOIA jurisdiction lies in district court); Sec. 552a(g)(1) (same for Privacy Act). Nor can the board consider the whistleblower claims, for the Whistleblower Protection Act does not extend to actions taken by the CIA. 5 U.S.C. Sec. 2302(a)(2)(C)(ii). Accordingly, the board had no jurisdiction to consider Minnich's claims against the CIA. Her attempts to compel the CIA to cooperate in her disability claims belong, if anywhere, in the district court. The appeal was properly dismissed.